**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**TERESA MILLER,**

      **Plaintiff,**

**v.**                                                                    **Case No. 3:16-cv-04225**

**ATTORNEY GENERAL STATE OF
WEST VIRGINIA, et al.,**

      **Defendants.**

**MEMORANDUM OPINION and ORDER**

Pending before the Court are the following motions filed by Plaintiff:

1.  Motion for Leave to Proceed *in forma pauperis*, (ECF No. 2);

2.  Motion to Exceed Page Limit, (ECF No. 9);

3.  Motion to Amend, (ECF No. 10);

4.  Motion to Compel, (ECF No. 11);

5.  Motion to Compel Records, (ECF No. 12);

6.  Motion to Compel Records, (ECF No. 13); and

7.  Motion for Appointment of Counsel, (ECF No. 19).

For the reasons that follow, these motions are **DENIED**.

## I.  Relevant History

Plaintiff, Teresa Miller, is currently an inmate at the Lakin Correctional Center ("Lakin") in West Columbia, West Virginia. On May 5, 2016, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Northern District of West Virginia. (ECF No. 1). The complaint consisted of a rambling criticism of various

1

individuals, including Ms. Birdsong, the librarian at Lakin; Mr. Meed or Mr. Meek, an employee of the Huntington Work Release Center; the Mail Room at Lakin; the Unit Team at Lakin; the Commissioner of the Department of Corrections; and Dr. Brycon at Lakin. Altogether, counting continuations and attachments, the complaint was 187 pages long. (ECF Nos. 1, 1-1, 1-2, 1-3, 1-4). On May 5, 2016, the Clerk of Court sent Plaintiff a Notice of Deficient Pleading, indicating that Plaintiff needed to provide complete names, to the extent known, and addresses of the defendants in order for the action to proceed. Plaintiff was given twenty-one days to comply. (ECF No. 5). However, the following day, United States Magistrate Judge Robert W. Trumble, noting that the claims involved facilities and individuals located in the Southern District of West Virginia, transferred Plaintiff's case to this jurisdiction. (ECF No. 6). The action is now assigned to the Honorable Robert C. Chambers, United States District Judge, and has been assigned to the undersigned United States Magistrate Judge for findings of fact and recommendations for disposition. Having performed an initial review of the complaint and the numerous motions filed by Plaintiff, the undersigned finds certain deficiencies in pleading that must be corrected by Plaintiff before this action can proceed.

## II. **Deficiencies in the Complaint and *In Forma Pauperis* Application**

In this district, an *in forma pauperis* application (or Application to Proceed Without Prepayment of Fees and Costs) is not complete until the institution of incarceration has completed the certificate located at the bottom of page 2 of the Application, or the prisoner has submitted a transaction record of her inmate account. By obtaining this certification or transactional record, the court can verify whether the prisoner is entitled to proceed *in forma pauperis*. Therefore, the court **ORDERS** Plaintiff to fully complete, sign, and submit to the court within **sixty (60) days** an Application to

Proceed Without Prepayment of Fees and Costs. The form will be provided to Plaintiff by the Clerk of Court. In the alternative, Plaintiff may pay the filing fee of $400.

As previously stated, in keeping with 28 U.S.C. § 1915(e)(2), the undersigned preliminarily reviewed Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for her, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend her complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Federal Rule of Civil Procedure 8 sets forth the general rules of pleading. According to Rule 8, a complaint must contain "a short and plain statement of the grounds for a court's jurisdiction ... a short and plain statement of the claim showing that the pleader is entitled to relief ... and a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The operative words here are "short" and "plain." An unnecessarily detailed recitation of seemingly unrelated events renders a complaint unintelligible. Moreover, a plaintiff is not required to submit with a complaint every piece of available and potentially supportive evidence.

Federal Rule of Civil Procedure 10 addresses the form of pleadings. Rule 10 requires the complaint to name all of the parties. Fed. R. Civ. P. 10(a). Under 42 U.S.C. §

1983, parties must be individuals, not units or entities. *Perrin v. Nicholson*, 2010 U.S. Dist. LEXIS 105121, at *4 (D.S.C. 2010); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999). Therefore, groups like "the Mail Room" and "the Unit Team" are not properly named defendants. Plaintiff must identify as a defendant a specific person who, while acting under color of state law, deprived the plaintiff of a federally protected civil right, privilege, or immunity. *Id.* In addition to naming persons as parties, Plaintiff is required to state her claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Along that line of thought, Federal Rule of Civil Procedure 20 discusses the parties that may be joined as defendants in the same action. According to Rule 20(a)(2), individuals may be joined as defendants in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with the respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> (B) any questions of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Here, although Plaintiff's complaint is not entirely clear, she asserts claims against the librarian at Lakin, Ms. Birdsong, related to making copies of Plaintiff's legal papers; against Mr. Meed or Mr. Meek for retaining her personal property when Plaintiff was in the Huntington Work Release program; against the Commissioner for not responding to grievances; against the Mail Room at Lakin for assigning different weights to packages that should have weighed the same; against the Unit Team at Lakin for not forwarding her grievances properly; and against Dr. Brycon for forcing her to take medications in order to obtain parole. Furthermore, at least to some degree unrelated to the named defendants, Plaintiff also complains that she was "put in prison for 8 months

4

with no commitment order;" her HIPAA rights were violated; she was "single-celled;" she could have filed a habeas action in 2014, but was not told to file one; she should have been given help with her habeas petition, but was not; she did not get library privileges until two months after her supreme court action was filed; she signed up for classes at Lakin, but was not assigned to any; and she spent an extra year at Lakin due to not having any classes. (ECF No. 1 at 9). While a portion of Plaintiff's claims against individuals at Lakin may arguably arise out of the same transaction or series of transactions and may share common questions of law or fact, some of the claims are plainly unrelated. For instance, the claim against Mr. Meed or Mr. Meek has nothing to do with the conditions of confinement at Lakin. Similarly, although Dr. Brycon provides services at Lakin, the claim asserted against Dr. Brycon does not appear to be connected in any way to the other allegations. Accordingly, Plaintiff must determine which claims are related and share common issues of law or fact and then join those claims and defendants in one action.

The undersigned also notes that in her request for relief, Plaintiff asks the court to "look at" the cases she filed in the Supreme Court of Appeals of West Virginia, determine why she has not received any programs or services at Lakin, "be awarded for whatever damages you see fit" due to violations of her civil and constitutional rights, and order her release on parole. (ECF No. 1-1 at 1). Obviously, some of the relief requested by Plaintiff, such as examining her lack of assignment to programs and services and awarding money damages, may be available under § 1983. Others, however, such as examining the constitutionality of her conviction and sentence and addressing her release from custody, must be approached through a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 79, 125 S. Ct. 1242, 1246, 161 L. Ed. 2d 253 (2005) (confirming that a habeas petition, not a complaint under § 1983, is the proper

avenue for a state prisoner to pursue when he challenges "the fact or duration of his confinement" and seeks either "immediate release from prison," or the "shortening" of his term of incarceration). Plaintiff will need to separate claims that must be brought in a habeas petition from claims that should be brought under § 1983.

Therefore, in summary, Plaintiff is **ORDERED**, within **sixty (60) days** of the date of this Order to file an amended complaint under 42 U.S.C. § 1983 on the proper form, which will be provided by the Clerk of Court. The amended complaint shall include the names of the individual defendants who, acting under color of state law, violated Plaintiff's federal civil or constitutional rights. To the extent known to Plaintiff, the amended complaint shall include the addresses of the defendants. The amended complaint shall contain short and plain statements, arranged in numbered paragraphs, setting forth the basic facts upon which Plaintiff's claims are based. The amended complaint may include claims and defendants that are connected by an event or series of events or transactions and that share common issues of fact or law.  If Plaintiff wishes to file more than one complaint (for example, a complaint against the Lakin defendants based upon the conditions of her confinement and a separate complaint against Mr. Meed or Mr. Meek), she should bear in mind that 28 U.S.C. § 1915 governs actions in which a prisoner seeks to proceed *in forma pauperis*. Section 1915(g) of the statute includes a "three strikes" rule, stating as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Consequently, Plaintiff may wish to carefully review her prospective cases before she files them to decide if they all meet the requirements of a § 1983 action. The amended complaint shall not contain extraneous or unnecessary information or attachments. It shall clearly and simply state the relief requested. If Plaintiff seeks a review of her convictions and sentence, then she will need to file a petition for a writ of habeas corpus and must follow the separate requirements that govern such an action. **Plaintiff is hereby given notice that a failure to file the Application to Proceed Without Prepayment of Fees and Costs and amend her complaint as ordered may result in a recommendation that the complaint be dismissed for failure to state a claim cognizable under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1.**

### III.  Other Motions

With respect to Plaintiff's motion for leave to exceed the page limit, that motion is denied, because it is moot. The motion for leave to exceed the page limit was based upon a local rule in effect in the Northern District of West Virginia. This district does not have such a rule. Therefore, the motion is inapplicable. In addition, as Plaintiff has been instructed to amend her complaint and significantly reduce the extraneous attachments and unrelated statements contained therein, the motion is moot.

For a similar reason, the motion to amend under continuing disclosure is denied, because Plaintiff has already filed more paperwork than required to support a complaint. As explained above, Plaintiff is not required to attach every shred of evidence in her possession at the time she files her complaint. Indeed, most of the documents that have been sent to the Clerk of Court would have been best exchanged during the discovery process and not made part of the court file. At this time, no additional documentation is

necessary or helpful, except for a simple, clear, and concise amended complaint.

Plaintiff's three motions to compel documents are denied as premature and inappropriate. In her first motion, Plaintiff asks the court to compel the West Virginia Probation Department to produce pre-trial services reports, probation records, testimony, and presentence reports; presumably, concerning Plaintiff. However, discovery has not yet been initiated in this case, and even if it had started, the Probation Department is not a party. Furthermore, a motion to compel is only appropriate after discovery requests have been correctly served on a party, have not been timely or completely answered, and a meet-and-confer session has failed to resolve the outstanding issues. If Plaintiff seeks to have the court obtain records on her behalf, then she is advised that the court does not undertake to perform discovery tasks for any party to a civil action. Rather, each party is obligated to conduct its own discovery. Plaintiff likewise seeks records from the West Virginia Division of Corrections and the West Virginia Parole Board. Once again, discovery has not begun; therefore, the motions are premature. Furthermore, motions to compel are inappropriate. At some point, if Plaintiff requires records from these non-parties to prove her civil rights complaint against the named defendants, she will have to request subpoenas from the Clerk of Court and will have to serve the non-parties with the subpoenas.

Lastly, Plaintiff's motion for the appointment of counsel is denied, because she has not established grounds that would justify the assignment of counsel in this civil action. In this type of civil action, Plaintiff has no constitutional right to counsel. Although 28 U.S.C. § 1915(e)(1) provides for the assignment of counsel in some cases, usually exceptional circumstances must exist to merit that assignment. Whether counsel should be assigned depends upon several factors, including (1) the type and complexity of the

case; (2) the ability of the litigant to adequately investigate and present his claim; (3) the likelihood of success on the merits of the application; and (4) the apparent need for an evidentiary hearing in order to resolve the case. *See, e.g Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)); *Hoggard v. Purkett,* 29 F.3d 469 (8th Cir. 1994). The appointment of counsel rests within the discretion of the court. At this point in the proceedings, the need for counsel is not apparent. Plaintiff has yet to succinctly explain the nature of her claims, and the need for an evidentiary hearing or trial is uncertain. Moreover, it is too early to evaluate the likelihood that Plaintiff will succeed on the merits. Therefore, the appointment of counsel is not appropriate. Should the circumstances or complexion of the case change, the undersigned will re-evaluate the need to appoint counsel.

Plaintiff is reminded of her obligation to notify the Clerk of Court of any changes in her address.

The Clerk is directed to provide a copy of this Order to Plaintiff, along with an Application to Proceed Without Prepayment of Fees and Costs, a § 1983 complaint form, instructions for filing the complaint, an Authorization for the Release of Institutional Account Information and to Pay Fee, and the Explanation of Filing Fees.

**ENTERED:** June 23, 2016

Cheryl A. Eifert
United States Magistrate Judge

9